William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Richard L. Schwartz (*pro hac vice*)
  rschwartz@whitakerchalk.com
WHITAKER CHALK SWINDLE
& SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0524
Facsimile: (817) 878-0501

Attorneys for Plaintiff
DIECE-LISA INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIECE-LISA INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISNEY ENTERPRISES, INC., et al.,<br><br>Defendants. | 2:20-CV-09147-TJH-JCx<br>Hon. Terry J. Hatter, Jr.<br><br>**PLAINTIFF DIECE-LISA INDUSTRIES, INC.'S EVIDENTIARY OBJECTIONS TO DEFENDANTS WALT DISNEY STUDIOS MOTION PICTURES AND BUENA VISTA HOME ENTERTAINMENT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Courtroom: 9C<br>Date: Oct. 28, 2024<br>Time: UNDER SUBMISSION |

Plaintiff Diece-Lisa Industries, Inc. ("DLI") hereby submits the following evidentiary objections to Defendants Walt Disney Studios Motion Pictures ("WDSMP") and Buena Vista Home Entertainment, Inc.'s (BVHE") Motion for Partial Summary Judgment.

## **GENERAL OBJECTIONS**

WDSMP and BVHE's Motion relies entirely on declarations from two individuals: Matthew J. Kalavsky (ECF No. 398-2) and Jennifer A. Lourie (ECF No. 398-3). But neither BVHE nor WDSMP (nor any other Defendant) disclosed Kalavsky or Lourie (together, "Declarants") as individuals likely to have discoverable information.

BVHE and WDSMP's failure to disclose violated Federal Rule of Civil Procedure 26(a)(1)(A)(i), which requires, in relevant part, parties to disclose the names and contact information "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]" Under Rule 37, where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

This particular failure to disclose was not harmless. DLI was deprived of an opportunity to depose Kalavsky and Lourie. *See, e.g.*, *Guzman v. Bridgepoint Educ., Inc*., 305 F.R.D. 594, 608 (S.D. Cal. 2015) (excluding declaration because plaintiff's failure to disclose witness before close of discovery prejudiced defendant); *Kempf v. Barrett Bus. Servs., Inc*., 336 F. App'x 658, 661- 62 (9th Cir. 2009) (unpublished) (concluding "post-discovery" disclosure of witness was not harmless "where it deprived [plaintiff] of the opportunity to depose [such witness]").

Nor was BVHE and WDSMP's failure to disclose substantially justified. As individuals with unique and pertinent information about distribution of *Toy Story 3*, Defendants should have disclosed them in the first instance.

BVHE and WDSMP may argue the need to disclose did not arise until after *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023). But even if disclosing Declarants at *that* point would have been justified, Defendants still failed to do so. *See L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) ("[T]he duty to supplement continues even after the discovery period has closed.") (internal citations omitted). Instead, Defendants filed their Renewed Motion for Summary Judgment (ECF No. 382), followed by WDSMP and BVHE's Motion for Reconsideration (ECF No. 387). Now on their third attempt post-*Jack Daniel's*, BVHE and WDSMP cannot claim that reliance on this new testimony, from witnesses not previously identified, is substantially justified. Rather, it falls squarely within the use contemplated and proscribed by Rule 37.

## SPECIFIC OBJECTIONS TO EVIDENCE

### I. KALAVSKY DECLARATION

| **Testimony** | **Objection** |
|---|---|
| 1. Kalavsky Decl. ¶ 2. | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |
| 2. Kalavsky Decl. ¶ 3. | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |
| 3. Kalavsky Decl. ¶ 4. | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |

## II.　LOURIE DECLARATION

| Testimony | Objection |
|---|---|
| 4. Lourie Decl. ¶ 2 | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |
| 5. Lourie Decl. ¶ 3. | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |
| 6. Lourie Decl. ¶ 4. | Failure to disclose. *See* Fed. R. Civ. Proc. 37(c); General Objections, *supra*. |

Dated: September 27, 2024

DTO LAW

By: */s/ William A. Delgado*
　　　William A. Delgado

Attorneys for Plaintiff
DIECE-LISA INDUSTRIES, INC.

4
PL.'S EVID. OBJS. TO MOT. FOR PARTIAL SUMM. J.
272701