REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Richard L. Schwartz (*pro hac vice*)
  rschwartz@whitakerchalk.com
WHITAKER CHALK SWINDLE
& SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0524
Facsimile: (817) 878-0501

Attorneys for Plaintiff
DIECE-LISA INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIECE-LISA INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISNEY ENTERPRISES, INC., et al.,<br><br>Defendants. | 2:20-CV-09147-TJH-JCx<br>Hon. Terry J. Hatter, Jr.<br><br>**DECLARATION OF WILLIAM A. DELGADO IN SUPPORT OF PLAINTIFF DIECE-LISA INDUSTRIES, INC.'S OPPOSITION TO DEFENDANTS WALT DISNEY STUDIOS MOTION PICTURES AND BUENA VISTA HOME ENTERTAINMENT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND, ALTERNATIVELY, RULE 56(d) REQUEST**<br><br>Courtroom: 9C<br>Date: October 28, 2024<br>Time: UNDER SUBMISSION |

I, William A Delgado, do hereby declare as follows:

1. I am an attorney duly licensed to practice before this court and a partner of DTO Law, counsel of record for Plaintiff Diece-Lisa Industries, Inc. ("DLI").

2. I make this declaration in support of DLI's Opposition to Defendants Walt Disney Studios Motion Pictures ("WDSMP") and Buena Vista Home Entertainment, Inc.'s ("BVHE") Motion for Partial Summary Judgment and, Alternatively, Rule 56(d) Request.

3. I make this declaration based upon my personal knowledge and, if called upon as a witness, would testify thereto.

4. Attached hereto as **Exhibit A** is a true and correct copy of an excerpt of the transcript of the deposition of Randice-Lisa Altschul.

5. Attached hereto as **Exhibit B** is a true and correct copy of an excerpt of the transcript of the deposition of Lori Elias.

6. Attached hereto as **Exhibit C** is a true and correct copy of an excerpt of the transcript of the deposition of Lynne Gilliam.

7. Attached hereto as **Exhibit D** is a true and correct copy of an excerpt of the transcript of the deposition of Ryan McCollum.

8. Attached hereto as **Exhibit E** is a true and correct copy of an excerpt of the transcript of the deposition of Beth Wilson.

9. Attached hereto as **Exhibit F** is a true and correct copy of an excerpt of the transcript of the deposition of Tracy Wilson.

10. Attached hereto as **Exhibit G** are ████████████████████████████████████████████ produced at PIX 000146-58, PIX 000260-63, and PIX 000272-86, and identified as Exhibits 34-36, 39, and 43-44 to the deposition of Marc Greenberg.

11. Attached hereto as **Exhibit H** is a true and correct copy of the transcript of the "Fiscal Full Year And Q4 2014 Earnings Conference Call," available at https://thewaltdisneycompany.com/app/uploads/ir/2014/q4/q4-fy14-earnings-transcript.pdf.

12. A trailer for *Toy Story 3* featuring Lots-o'-Huggin' Bear can be found at https://www.youtube.com/watch?v=TNMpa5yBf5o.

13. Attached as **Exhibit I** to the Request for Judicial Notice, filed herewith, is a true and correct copy of the complaint filed in *Disney Enterprises, Inc. v. Lancaster*, No. 2:12-cv-07437-DDP-JC (C.D. Cal. Aug. 27, 2012), ECF No. 1.

14. Attached as **Exhibit J** to the Request for Judicial Notice, filed herewith, is a true and correct copy of the Declaration of Marsha L. Reed filed in *Disney Enterprises, Inc. v. Lancaster*, No. 2:12-cv-07437-DDP-JC (C.D. Cal. Jan. 18, 2013), ECF No. 16.

15. Attached as **Exhibit K** to the Request for Judicial Notice, filed herewith, are true and correct copies of trademark registrations available from the United States Patent and Trademark Office.

16. If this Court is inclined to grant WDSMP and BVHE's Motion for Partial Summary Judgment, it should defer doing so to allow DLI to take additional discovery pursuant to Federal Rule of Civil Procedure 56(d).

17. *First*, DLI seeks to take the depositions of Matthew Kalavsky and Jennifer Lourie regarding the assertions in their declarations. *See* ECF Nos. 398-2, 398-3.

18. DLI did not previously have an opportunity to depose either Kalavsky or Lourie because Defendants did not disclose either individual.

Case 2:20-cv-09147-TJH-JC   Document 400-3   Filed 09/27/24   Page 4 of 6   Page ID #:2512

19. Had DLI been able to do so, it would likely have elicited testimony undermining Kalavsky and Lourie's statements. The existing record already exposes some discrepancies. For example:

    a. Kalavsky states WDSMP did not "engage in any exploitation of the Picture or of Lots-o'-Huggin Bear apart from its theatrical distribution of [*Toy Story 3*]." Kalavsky Decl. ¶ 2. However, WDSMP's Rule 30(b)(6) witness testified WDSMP created the trailers for *Toy Story 3*, at least one of which features Lots-o'-Huggin' Bear. *See* Sep. Stmt. ¶ 6.

    b. Lourie states BVHE did not sell "consumer products incorporating Lots-o'-Huggin' Bear or otherwise based on [*Toy Story 3*]." Lourie Decl. ¶ 3. But DVDs and Blu-rays are plainly consumer products. *See* Sep. Stmt. ¶ 15.

    c. Lourie states BVHE does not license characters. *See* Lourie Decl. ¶ 3. But BVHE's Rule 30(b)(6) witness was uncertain about this point. *See* Sep. Stmt. ¶ 14.

20. WDSMP and BVHE's Motion turns on the purported fact that those entities had nothing to do with *Toy Story 3* or Lots-o'-Huggin' Bear beyond their distribution of the film. If DLI develops evidence raising triable facts on this point, then WDSMP and BVHE's Motion would plainly fail.

21. Because DLI's inability to previously depose Kalavsky and Lourie is the result of Defendants' violation of Rule 26(a), Defendants should pay the reasonable costs and attorneys' fees for depositions. *See* Fed. R. Civ. P. 37(c)(1)(A) (providing that in addition to or in lieu of exclusionary sanctions, court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"); *Cent. States Indus. Supply, Inc. v. McCullough*, 279 F. Supp. 2d 1005, 1025-26 (N.D. Iowa 2003).

DELGADO DECL. ISO OPP'N TO MOT. FOR PARTIAL SUMM. J. & ALTERNATIVE RULE 56(d) REQUEST

272700

22. **Second**, DLI seeks to serve written discovery and take the depositions of corporate representatives of WDSMP and BVHE regarding the symbiotic relationship between merchandise and film sales. Specifically, DLI seeks to develop facts demonstrating that WDSMP and BVHE received revenue attributable to sales of other products featuring Lots-o'-Huggin' Bear.

23. In the same way that WDSMP and BVHE did not previously foresee the distinction between film and merchandise sales, DLI did not previously foresee the importance of demonstrating a causal relationship between merchandise and film sales. As this Court has acknowledged, "this is a complicated case with evolving issues, [and] it is possible that the Disney Defendants might not have foreseen the issue raised in the instant motion before it received the Court's May 1, 2024, order." 8/1/24 Order 6:10-12, ECF No. 393. That same reasoning should apply to DLI. If Defendants can raise new arguments that only came into focus after *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023), then DLI should be able to adequately respond to those arguments through additional discovery.

24. DLI's additional discovery is likely to reveal that WDSMP and BVHE realized revenues attributable to merchandise sales. As this Court has recognized, "toys and movies are complementary." 5/1/24 Order 16:7 (citation omitted). Furthermore, Lots-o'-Huggin' Bear merchandise expressly identifies the *Toy Story 3* movie. *See* Sep. Stmt. ¶¶ 12, 20.

25. WDSMP and BVHE's Motion turns on the purported fact that those entities did not realize any revenues from *Toy Story 3* or Lots-o'-Huggin' Bear beyond their distribution of the film. If WDSMP and BVHE ultimately realized revenues attributable to infringing merchandise, then their Motion would fail.

//
//

26. Allowing additional discovery pursuant to Rule 56(d) will not impact any schedule in this case. This Court has not yet set a trial date for this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 27, 2024.

_____
William A. Delgado