Robert N. Klieger, State Bar No. 192962
rklieger@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIECE-LISA INDUSTRIES, INC., <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>DISNEY ENTERPRISES, INC., et al., <br><br>　　　　Defendants. | Case No. 2:20-cv-09147-TJH-JCx <br><br>**DEFENDANTS WALT DISNEY STUDIOS MOTION PICTURES AND BUENA VISTA HOME ENTERTAINMENT, INC.'S RESPONSE TO PLAINTIFF DIECE-LISA INDUSTRIES, INC.'S EVIDENTIARY OBJECTIONS TO MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br>Judge:　　　Hon. Terry J. Hatter Jr. <br>Courtroom: 9C <br>Date:　　　 October 28, 2024 <br>Time:　　　 UNDER SUBMISSION |

Defendants Walt Disney Studios Motion Pictures ("WDSMP") and Buena Vista Home Entertainment, Inc. ("BVHE") submit this response to Plaintiff Diece-Lisa Industries, Inc.'s ("Plaintiff") Evidentiary Objections to Defendants Walt Disney Studios Motion Pictures and Buena Vista Home Entertainment, Inc.'s Motion for Partial Summary Judgment (Dkt. No. 400-2).

Plaintiff objects to this Court's consideration of declarations from WDSMP and BVHE's corporate representatives, Matthew J. Kalavsky and Jennifer A. Lourie, on the grounds that their names were not included in WDSMP and BVHE's Rule 26(a) disclosures. As discussed below, the corporate representatives from whom WDSMP and BVHE had submitted declarations earlier in the case are no longer employed by the companies, and WDSMP and BVHE therefore submitted declarations from current employees in connection with the instant motion. Kalavsky and Lourie were not personally involved in any of the events underlying Plaintiff's claims, and their declarations do not contain any information that is not already in the record by virtue of the prior declarations and Plaintiff's Rule 30(b)(6) depositions of both WDSMP and BVHE. WDSMP and BVHE's submission of declarations attesting to that same information from current employees is both substantially justified and harmless, and exclusion of those declarations is therefore unwarranted.

The Ninth Circuit has made clear that "exclusion of evidence under Rule 37(c)(1) is not appropriate if the 'failure to disclose the required information is substantially justified or harmless.'" *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191-92 (9th Cir. 2022) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). In evaluating whether substantial justification and harmlessness exist, courts in the Ninth Circuit consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *Id.* at 1192. Here, all four factors weigh in

1  favor of considering the Kalavsky and Lourie declarations in connection with the
2  instant motion.

3      *First*, Plaintiff cannot credibly claim any prejudice or unfair surprise from the
4  Kalavsky and Lourie declarations.  The limited role that WDSMP and BVHE played
5  in connection with *Toy Story 3*, which is the subject of the Kalavsky and Lourie
6  declarations, was disclosed *more than nine years ago* and has already been the
7  subject of extensive discovery, including Rule 30(b)(6) depositions of both WDSMP
8  and BVHE.  On March 18, 2015, Defendants filed declarations from Ken Caldwell
9  (then Senior Vice President and General Sales Manager of WDSMP) and Susan
10 McLain (then Senior Vice President of Product Marketing & Distribution of BVHE)
11 attesting to WDSMP and BVHE's theatrical and home video distribution,
12 respectively, of *Toy Story 3*.  Dkt. No. 165-8; Dkt. No. 165-12.  Plaintiff thereafter
13 noticed and took Rule 30(b)(6) depositions of WDSMP and BVHE on, among other
14 topics, "[d]istribution of the Disney movie *Toy Story 3* … to theaters for viewer
15 entertainment," "[d]istribution, marketing, and selling Disney DVD's and Blu-Rays
16 of any Disney movies or other films which make any use of or contain the character
17 'Lots-o'-Huggin'" … including, but not by way of limitation, Disney's *Toy Story 3*
18 movie," and "gross revenue, income and profits from … use of [*Toy Story 3*'s] Lotso
19 character."  Declaration of Robert N. Klieger ("Klieger Decl.") ¶¶ 4-5 & Exs. A, B.

20     Because this case has been pending for more than a decade and Mr. Caldwell
21 and Ms. McLain are no longer employed by WDSMP and BVHE, respectively,
22 WDSMP and BVHE submitted summary judgment declarations from corporate
23 representatives who are currently employed by them.  *Id.* ¶¶ 2-3.  However, the
24 substance of those declarations was long ago disclosed and has already been the
25 subject of extensive discovery, thereby precluding any good faith claim of prejudice.
26 *See Hooks v. Geico Gen. Ins. Co., Inc.*, 2016 WL 5415134, at *8 (M.D. Fla. Sept. 28,
27 2016) (finding failure to identify corporate representative justified where corporation
28

was a defendant and plaintiff had the opportunity to take a Rule 30(b)(6) deposition on the subject matter of his testimony).

In any event, Plaintiff's operative Fifth Amended Complaint itself seeks to hold WDSMP liable *solely* for use of Lots-o'-Huggin' Bear "in the *Toy Story 3* movie, based on theater receipts received therefrom," and to hold BVHE liable *solely* for use of Lots-o'-Huggin' Bear "in the *Toy Story 3* DVDs and Blu-Rays, based upon sales thereof." Dkt. No. 325 at 26. Plaintiff's unsupported speculation that WDSMP and BVHE may have used the allegedly infringing Lots-o'-Huggin' Bear name in connection with *more* than their distribution of *Toy Story 3* (and they did not) is therefore irrelevant for purposes of its claims in this action and incapable of creating a triable issue.

*Second*, to the extent Plaintiff could demonstrate any actual prejudice from the failure to earlier disclose Kalavsky and Lourie as corporate representatives for WDSMP and BVHE, respectively—*and it cannot*—that prejudice could easily be cured through short depositions of Kalavksy and Lourie regarding the substance of their declarations. However, because the substance of those declarations was thoroughly covered in Plaintiff's Rule 30(b)(6) depositions of WDSMP and BVHE, those depositions would be duplicative of discovery already taken and there is no prejudice to cure.

*Third*, given the current procedural posture, consideration of the Kalavsky and Lourie declarations poses no risk of disruption of trial in this matter.

*Finally*, there was no bad faith or willfulness in WDSMP and BVHE's failure to identify Kalavsky and Lourie as corporate representatives in their Rule 26(a) disclosures. Indeed, Plaintiff does not contend otherwise. As discussed above, Kalavsky and Lourie were not personally involved in any of the events underlying Plaintiff's claims, and they have instead submitted declarations as corporate representatives given that WDSMP and BVHE's prior declarants are no longer employed by the companies. The absence of Kalavsky and Lourie from the earlier

disclosures is a function of employee turnover during the more than 10 years this case has been pending rather than any gamesmanship on the part of WDSMP or BVHE. *See Washington v. E. Baton Rouge Parish Sch. Bd.*, 2023 WL 2072083, at *7-8 (M.D. La. Feb. 17, 2023) (failure to disclose witness substantially justified where party's previously designated corporate representative was no longer employed by party); *Prism Techs., LLC v. T-Mobile USA Inc.*, 2015 WL 5693080, at *2 (D. Neb. Sept. 28, 2015) (same).

      For the foregoing reasons, WDSMP and BVHE respectfully request that the Court overrule Plaintiff's objections to consideration of the Kalavsky and Lourie declarations in connection with the instant motion.

Dated: October 11, 2024         HUESTON HENNIGAN LLP

By: */s/ Robert N. Klieger*
Robert N. Klieger
Attorneys for Defendants