# United States District Court
# Central District of California
# Western Division

DIECE-LISA INDUSTRIES, INC.,

Plaintiff,

v.

DISNEY ENTERPRISES, INC., *et al.*,

Defendants.

CV 20-09147 TJH (JCx)

# Order

The Court has considered the motion for leave to file an *amicus curiae* brief filed by the Motion Picture Association, Inc. ["Motion Picture Association"] [dkt. # 464], and the motion for reconsideration filed by Defendants Walt Disney Studios Motion Pictures ["Walt Disney Studios"] and Buena Vista Home Entertainment Inc. ["Buena Vista"] for reconsideration of the Court's January 20, 2026, order denying partial summary judgment ["the Order"] or, in the alternative, for certification of the Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [dkt. # 452], together with the moving and opposing papers, including the supplemental authority filed by Plaintiff Diece-Lisa Industries, Inc. ["Diece-Lisa"] and Defendants' response to that supplemental authority.

**Motion for Leave to File *Amicus Curiae* Brief**

The Court has broad discretion to grant or deny a request for leave to file an *amicus curiae* brief. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled, in part, on other grounds*. A proposed *amicus* must show that its participation would be useful to the Court, *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. Oct. 7, 1991), by, *inter alia*, assisting in a case of general public interest, supplementing the efforts of the existing parties, or drawing the Court's attention to law that was not presented to the Court. *See Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). A proposed *amicus* need not be totally disinterested from the existing parties. *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

Movant  Motion Picture Association is a trade association composed of seven members, including Walt Disney Studios. The proposed *amicus* brief states that "Walt Disney Studios, one of the Defendants in this action, did not make any monetary contributions to fund the preparation or submission of [the proposed] *amicus* brief." Conspicuously missing is a statement as to whether Walt Disney Studios or its counsel participated in the drafting of the proposed *amicus* brief. Nevertheless, the proposed *amicus* brief mostly raised the same issues, and mostly relied on the same cases, that were previously presented by Walt Disney Studios and Buena Vista. Consequently, at this procedural juncture, the Court does not find the proposed *amicus* brief to be useful.

Accordingly, the motion for leave to file an *amicus* brief will be denied.

**Motion for Reconsideration**

Walt Disney Studios and Buena Vista seek reconsideration of the Order, arguing that the Court failed to consider "the material fact that neither [Walt Disney Studios] nor [Buena Vista] used the "Lots-o'-Huggin' Bear" name to identify the source of the Toy Story 3 movie, … ."

The Court, indeed, considered all material facts raised in the underlying motion for partial summary judgment, as well as all other facts that are part of the record in

this case.

Accordingly, the motion for reconsideration will be denied.

**Motion for Certification for Interlocutory Appeal**

Walt Disney Studios and Buena Vista seek certification of the Order for an interlocutory appeal.

The Court may certify an order for an interlocutory appeal if the order involves a controlling question of law as to which there is a substantial ground for the difference of opinion and where an immediate appeal may materially advance the ultimate termination of a case. 28 U.S.C. § 1292(b).

As Diece-Lisa stated in its opposition brief, "[i]t is well-settled that appellate review before final judgment is only appropriate in extraordinary circumstances. *See, e.g., ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022)."

The Court finds that this case is an extraordinary case with extraordinary circumstances, and that the requirements of § 1292(b) have been satisfied such that certification of the Order for an interlocutory appeal is appropriate.

Further, the Court finds that the Order involves a controlling question of law as to which there is a substantial ground for difference of opinion – namely, whether, after the rulings in *Jack Daniel's Props., Inc. v. VIP Products LLC*, 599 U.S. 140 (2023), *Hara v. Netflix, Inc.*, 146 F.4th 872 (9th Cir. 2025), and *Dewberry Grp., Inc. v. Dewberry Eng'rs Inc.*, 604 U.S. 321 (2025), a defendant that makes expressive use of a name in a movie is barred from invoking *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), because its corporate affiliates use the same name to sell merchandise based on the movie.

Finally, the Court finds that an immediate appeal on that controlling question of law is likely to materially advance the ultimate termination of this case.

Accordingly,

**It is Ordered** that the motion for leave to file an *amicus curiae* brief filed by the Motion Picture Association, Inc. be, and hereby is, **Denied**.

**It is further Ordered** that the motion for reconsideration be, and hereby is, **Denied**.

**It is further Ordered** that the motion for certification of the Order for an interlocutory appeal be, and hereby is, **Granted**.

Date: August 5, 2026

_____

Terry J. Hatter, Jr.
Senior United States District Judge